O’Neall J.
delivered the opinion of the Court.
This was a rule against the late sheriff of Beaufort, to shew cause why he had not made, and paid over to the plaintilf, the money, according to the exigency a fi. fa. lodged in his office against the defendant. It appeared that the execution was lodged in the month of April 1828, with orders to proceed. The defendant died in October. Wm. D. Martin administeredod on his estate in April 1829, and at November Term, 1829, obtained an order, suspending all further ceedings on they?, fa. until the expiration of twelve months from the grant of administration. The sheriff, as is stated in his return, was about levying, and was only prevented from doing so, by the order suspending the execution. The sheriff went out of office in February, 1831, and the execution was not renewed after the suspension. The presiding judge made the rule absolute, and this is a motion to reverse his decision.
*146 Tlie ease .on the circuit was decided as it is said, under the belief that the “act to prevent the frequent renewal of executions and for other purposes,” ‘(Acts of 1827, p. 64) applied to it. But on looking into the act, it appears that it provides, that ‘ ‘ from and. after the first day of June next, every writ offieri facias &c. &e. which shall be sued out of, or from any of the Courts of law or Equity in this State, originally, or by renewal, instead of being returnable at a day fixed, shall be made returnable according to law, and shall, without renewal, have active energy, to all intents and purposes for levy, sale, arrest or other execution, as in the exigency thereof is required, from the time it shall be first lodged, until the regular return of the Court from which it was sued, which shall follow, next after the full completion of four years from its lodgment.”
The execution in this case was issued and lodged before the time fixed by the act, and is not therefore affected by its provisions. It ought to have been renewed within a year and a day from its return. This time expired at November Term 1829. There was after that time, therefore, no writ of fi-fa. in existence which the sheriff could execute. No contempt was incurred by the sheriff subsequent to that time. If he is in default at all, it must be anterior to the order suspending the operation of the execution. It was beyond all doubt, the duty of the sheriff to have executed the writ according to its mandate, to November Term, 1828. Having failed to do that, he was in default, and had it not been for the subsequent order suspending the execution and the acquiescence of the plaintiff, the rule for the attachment against him, must have been made absolute. The effect of the order whether wrong or right, (and I entertain no doubt that it was improper) was to discharge any antecedent liability of the sheriff. For the order took the execution out of the power of the sheriff, and prevented him from then executing it, which might have saved him from an attachment. The acquiescence of the plaintiff in that order, and the sale of the whole of the intestate’s goods by his administrator, and a re - *147 ceipt of part of tbe debt by the plaintiff from the administrator, are circumstances which would prevent the Court from awarding an attachment against the sheiiff.
Mazyck, for the motion.
Smith, contra.
See also 7 T. R. 452; 9 East. 467; 1 Taun 489.
Any thing which goes to shew that the sheriff has not been wilfully in default, negatives the notion that he is in contempt, andmakesit improper that he should be attached. From the circumstances already stated it is manifest that the plaintiff did not consider the sheriff as wilfully in default; for if he had, he would have proceeded at least, at November 1829, to have fixed the contempt by rule upon him. Instead of doing so, he lies by for three years, and then claims that an attachment should be awarded. A waiver of the contempt on the part of the plaintiff, is clearly to be inferred. According to the case of the King v. the Sheriff of London. 1 Taun. 111, it was held, that a rule’ against the sheriff, must be moved for within a reasonable time after his default, and two terms and a longvacation in that case having intervened, the rule was dismissed. The rule of that case applies in this State as well as in England. Granting attachments against sheriffs, is very much a matter of discretion, and as far as practicable, it is desirable to have some rule by which it may be regulated. The rule ought to be moved for, within a reasonable time, and I know-no better limit than to say, it ought to be before the/i. fa. has lost its active energy.

The motion to reverse the circuit decision is granted.

Johnson & Harper Js. concurred.